NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF FLORENCIO MORALES, JR., et al., | : |
| | : Civil Action No. 05-5423 (SRC) |
| Plaintiffs, | : |
| | : OPINION |
| v. | : |
| CITY OF JERSEY CITY, et al., | : |
| Defendants. | : |

CHESLER, District Judge

This matter comes before the Court on the motion filed by Defendant City of Jersey City ("Defendant" or "Jersey City") to exclude the testimony of Plaintiff's expert George Kirkham [docket entry 99]. The motion was filed on June 7, 2010 but remained unopposed over a month after it was filed. On July 8, 2010, the Court notified the parties that it was adjourning the return date to permit Plaintiff an opportunity to respond to the motion, expressly advising that should Plaintiff fail to file opposition by July 19, 2010, the Court would nevertheless proceed to adjudicate the motion. To date, no opposition has been filed. The Court has considered the papers filed by Defendant. For the reasons that follow, the Court will grant Defendant's motion.

I. BACKGROUND

This action arises out of the arrest and death of Florencio Morales, Jr. Many of the claims asserted by Plaintiff, decedent's estate, have been disposed of by summary judgment or by settlement. Still active is Plaintiff's civil rights claim against Jersey City, which alleges that

Jersey City violated Morales's due process rights in failing to provide its officers training on positional asphyxia and sudden in-custody death syndrome.

Plaintiff proffers Mr. Kirkham as its expert regarding proper police training procedures. His opinion, in relevant part, declares that "a direct causative factor in the death of Florencio Morales, Jr. was the failure of the Jersey City Police Department to train its officers to recognize and respond to the critical medical needs of suspects and others whom they were likely to encounter."  (9/19/07 Kirkham Report, ¶ 8.)   He concludes that given the substantial body of literature on the occurrence of positional asphyxia and sudden in-custody death of apprehended suspects as well as the law enforcement community's awareness of these "phenomena," "it is inconceivable that prudent, reasonable law enforcement command staff would fail to assure that officers under their command received such critical training." (*Id.*)  His supplemental report adds that "law enforcement training academies and police agencies throughout the country long ago instituted training programs" on how to recognize and respond to situations of respiratory distress in persons restrained in the course of an arrest.  (1/20/09 Kirkham Report.)   Mr. Kirkham further concludes that "the Jersey City Police Department has . . . exhibited a deliberate indifference to the rights and safety of members of the community it serves."  (9/19/07 Kirkham Report, ¶ 9.)

Defendant challenges the admissibility of Mr. Kirkham's expert testimony on three main grounds: (1) it is unreliable; (2) it is unhelpful because it is not based on technical knowledge and skill beyond the ken of the average juror; and (3) it is not within Mr. Kirkham's area of expertise.

**II.	DISCUSSION**

Federal Rule of Evidence 702 sets the standard for admissibility of expert testimony. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Court bears an obligation to act as a gatekeeper and ensure that expert testimony is both relevant and reliable as required by Rule 702. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). *Daubert* and its progeny have articulated various factors a district court may consider to determine whether expert testimony is based on reliable methodology, as required by Rule 702. *Kumho Tire*, 526 U.S. at 151-52; *Daubert*, 509 U.S. at 592-94; *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741-42 (3d Cir. 1994). They are:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*Paoli R.R. Yard.*, 35 F.3d at 742 n.8.

The Court concludes that Mr. Kirkham's opinion is inadmissible under rule 702 because it is *not* "the product of reliable principles and methods." Fed.R.Evid. 702. In fact, his two reports provide no methodology at all as the basis for his conclusion that the Jersey City Police Department had an obligation to train its officers in positional asphyxia and sudden in-custody death syndrome. Mr. Kirkham states, in the broadest terms, that at the time of Morales's death "there was a substantial body of literature, including training materials" readily available, but does not cite to any one of these documents nor give the slightest indication as to the information they contain. No support is given for his assertion that the training he believes was lacking in Jersey City was standard in law enforcement. His statement that the police department did not conduct a proper investigation into the circumstances relating to Morales's death is similarly lacking in any methodological underpinnings.

Mr. Kirkham's testimony, in short, is conclusory at best. He states that he formed his opinions based on his review of various documents from the evidentiary record of this case as well as on his experience and expertise in the fields of law enforcement and criminology. These do not suffice under Rule 702's standard of admissibility. The Court bears an obligation "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. The Court is not satisfied that Mr. Kirkham's opinion testimony is grounded in reliable methodology generally accepted in the field of law enforcement training and practices.

Having found that Mr. Kirkham's proffered expert testimony is not based on reliable methodology as required by Rule 702, the Court need not reach Defendant's additional arguments for the exclusion of his testimony.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to exclude the testimony of Plaintiff's expert, George Kirkham.  An appropriate form of Order will be filed.

                                                                   s/Stanley R. Chesler
                                                              STANLEY R. CHESLER
                                                               United States District Judge

Dated: August 24, 2010