NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF FLORENCIO MORALES, JR., et al., | : |
| | : Civil Action No. 05-5423 (SRC) |
| Plaintiffs, | : |
| | : **OPINION & ORDER** |
| v. | : |
| CITY OF JERSEY CITY, et al., | : |
| | : |
| Defendants. | : |

CHESLER, District Judge

This matter comes before the Court on the informal letter application, dated August 26, 2010, filed by Plaintiff, the Estate of Florencio Morales, Jr. ("Plaintiff") requesting that the Court vacate its August 24, 2010 Order granting the motion filed by Defendant City of Jersey City ("Defendant" or "Jersey City") to exclude the testimony of Plaintiff's expert George Kirkham [docket entry 113]. (The Court will refer to the challenged order as the "August 24 Order.") Because the application challenges an interlocutory order, the Court construes this application as a motion for reconsideration. Alternatively, Plaintiff seeks an enlargement of time, under Federal Rule of Civil Procedure 6(b), to oppose Defendant's motion to exclude Kirkham's testimony. For the following reasons, Plaintiff's application will be denied, and the August 24 Order will remain in effect.

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001). Third Circuit jurisprudence

directs that a motion under Rule 7.1(i) may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact or prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995)). The movant bears a heavy burden of demonstrating that reconsideration is warranted. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J.1994). Indeed, it is well-settled that "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)). Reconsideration is an extraordinary remedy, which should be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

In this case, Plaintiff has failed to carry its burden of demonstrating that reconsideration of the August 24 Order is warranted. Pointing to no intervening change in controlling law or previously unavailable evidence, Plaintiff appears to be arguing that it would constitute manifest injustice to allow the order to stand. In particular, Plaintiff's counsel maintains that his client was deprived of an opportunity to oppose the motion, as counsel was under the impression that pretrial motions in the nature of Defendant's motion to exclude Kirkham's expert testimony were to be filed and briefed after entry of the final pretrial order. In support of this argument, he cites to draft language in the proposed final pretrial order which provides that "all remaining pretrial motions including Daubert and in limine motions shall be filed no later than thirty days after the

date of this order, and any response shall be submitted no later than 10 days of the date of such motion(s) are filed." (Aug. 26, 2010 Letter, docket entry 113.) This language does not support Plaintiff's position. It clearly states that all remaining pretrial motions must be filed "no later than" 30 days after the final pretrial order. The provision sets a time limit after which no further motions will be entertained, but it does not require that any and all pretrial motions be filed within the 30-day period immediately following entry of the final pretrial order.

Plaintiff's position that it justifiably believed that the motion to exclude Kirkham's testimony, filed on June 7, 2010, would be held in abeyance pending entry of the final pretrial order is contradicted by the clear notice provided by Defendant and by the Court that the motion would proceed to adjudication. The motion was filed after the May 26, 2010 pretrial conference which Plaintiff maintains gave rise to his understanding. The Notice of Motion clearly states that it will be returnable "on July 6, 2010 or on a date to be determined by the Court." [docket entry 99] After the originally noticed return date, the Court observed that the motion remained unopposed and sua sponte adjourned the return date to ensure that Plaintiff was afforded due process with respect to this litigation. The Court's July 8, 2010 letter addressed to Plaintiff's counsel and copied to counsel for all parties reads as follows:

> No opposition by Plaintiff has been filed with regard to the motion by Defendant the City of Jersey City to preclude the testimony of Plaintiff's expert George Kirkham [motion filed at docket entry 99]. The motion was filed on June 7, 2010, and thus pursuant to Local Civil Rule 7.1(c)(1), was noticed for a return date of July 6, 2010. In it discretion, the Court will adjourn the return date to **August 2, 2010** to allow Plaintiff a further opportunity to respond to the motion. The opposition, if any, must be filed no later than **July 19, 2010**. If you choose not to submit opposition by that date, the motion will be deemed unopposed and will be disposed of accordingly.

>Defendant is being notified of this extension of the briefing schedule by copy of this letter and will have until **July 26, 2010** to submit a reply.
>
>The parties are advised that the motions to preclude the testimony of George Kirkham will be decided on the papers. Should the Court decide to schedule oral argument, the parties will be notified electronically.

[docket entry 108] (emphasis in original).

If Plaintiff's counsel was under any other impression as to when the motion to exclude Kirkham's testimony would be considered ripe for adjudication, the Court's letter removed all doubt. It unequivocally set a briefing schedule and communicated the Court's intention to proceed with the motion. Counsel remained silent following this letter and did not share his contrary understanding until after the August 24 Order had been entered, almost two months after the Court provided notice that the motion would be adjudicated.

The Court further notes that the instant application by Plaintiff does not challenge the merits of Defendant's motion to exclude Kirkham's testimony or otherwise comment on the substance of the Court's Opinion and Order adjudicating the motion. As the Court observed in that Opinion, even a cursory review of the Kirkham reports reveals that his opinions amount to no more than ipse dixit. Plaintiff gives no reason why that finding and the ruling that Kirkham's testimony does not meet the federal standard of admissibility should be disturbed.

Plaintiff, in short, fails to persuade the Court that he was deprived of an opportunity to oppose the motion to exclude Kirkham's testimony and that a failure to reconsider the August 24 Order would amount to "manifest injustice." Additionally, his alternative request for an enlargement of time to oppose the motion under Rule 6(b) will also be denied. Plaintiff provides

no authority for applying Rule 6(b) to extend the time to oppose a motion *after* the Court has ruled on the motion in question.

Accordingly,

**IT IS** on this 8th day of September, 2010,

**ORDERED** that Plaintiff's informal application to vacate the August 24 Order, construed by the Court as a motion for reconsideration, [docket entry 113] be and hereby is **DENIED**; and it is further

**ORDERED** that Plaintiff's alternate request for an enlargement of time, pursuant to Federal Rule of Civil Procedure 6(b), to oppose Defendant's motion to exclude the testimony of George Kirkham be and hereby is **DENIED**.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge