<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ESTATE OF FLORENCIO MORALES, JR., et al., | : : : | **Civil Action No. 05-5423 (SRC)** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | |
| CITY OF JERSEY CITY, et al., | : : | |
| Defendants. | : : | |

<u>CHESLER, District Judge</u>

This matter comes before the Court on the motion filed by Plaintiff, Estate of Florencio

Morales, Jr. ("Plaintiff") for relief under Federal Rule of Civil Procedure 60(b) from the Court's

Order of August 24, 2010 granting the City of Jersey City's unopposed motion to preclude

Plaintiff's expert George Kirkham ("Kirkham"). In contemplation of the possibility that the

Court might grant relief under Rule 60(b) and set aside its August 24, 2010 Order, the instant

motion made by Plaintiff also includes substantive opposition to Defendant's motion to preclude

Kirkham's testimony. Defendant, the City of Jersey City, has opposed the motion in its entirety,

both as to the request for relief under Rule 60(b) and Plaintiff's attempt to thwart Defendant's

effort to preclude the Kirkham testimony from admission at trial.

The Court must first point out that Federal Rule of Civil Procedure 60(b) is not a source

of relief available to Plaintiff with regard to the August 24, 2010 Order because, as the Third

Circuit has made clear, that rule applies only to "final" judgment and orders. *Penn West Assocs.*

*v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004). A "final" order is one "which ends the litigation on

the merits and leaves nothing for the court to do but execute the judgment." *Id.* (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).  On the other hand, "there is no final order if claims remain unresolved and their resolution is to occur in the district court." *Id.* (quoting *Aluminum Co. of America v. Beazer East, Inc.*, 124 F.3d 551, 557 (3d Cir. 1997)).  The August 24, 2010 Order is not final.  It simply ruled that expert testimony proffered by Plaintiff was inadmissible under Federal Rule of Evidence 702.  Plaintiff's failure to train claim against Defendant remains unresolved.

The Court must, therefore construe the instant motion filed by Plaintiff as one for reconsideration.  Indeed, this motion is the second challenge Plaintiff has filed to the August 24, 2010 Order and the second time the Court has had to construe the challenge as requesting reconsideration of that order.  *See* September 8, 2010 Opinion & Order [docket entry 115].  The Court repeats the standard for obtaining the extraordinary relief of reconsideration:

Reconsideration is warranted only if (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact or prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir 1995)).  The movant bears a heavy burden of demonstrating that reconsideration is warranted. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J.1994).  Indeed, it is well-settled that "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank,*

2

*F.A. v. Shushan*, 721 F.Supp. 705, 709 (D.N.J.1989)).  Reconsideration is an extraordinary

remedy, which should be granted "very sparingly."  *NL Indus. Inc. v. Commercial Union Ins.*

*Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).  Moreover, motions for reconsideration must be

brought within 14 days after the Court files the order as to which reconsideration is sought.  *See*

L.Civ.R. 7.1(i).

Plaintiff seeks reconsideration based on the fact that the Court ruled on the motion

without consideration of any opposition by Plaintiff on the merits of Defendant's motion to

preclude Kirkham's testimony.  Plaintiff argues that he failed to file opposition to Defendant's

motion to preclude Kirkham's testimony because Plaintiff's counsel did not notice that the Court

had electronically posted a July 8, 2010 letter to the docket advising that (1) Plaintiff's

opposition was due on July 26, 2010 and (2) the Court would thereafter proceed to adjudicate the

motion, whether it was opposed or not.  Plaintiff's counsel failed to keep himself apprised of the

docket filings in this case, but as he puts it "inadvertently" did not become aware of the Court's

July 8, 2010 letter.

This motion must be denied.  First, it is out of time, as it was filed seven weeks after

entry of the August 24, 2010 Order from which Plaintiff seeks relief.  Second, none of the

grounds upon which such a motion may be granted have been satisfied by Plaintiff.  Indeed, his

plea that the Court should, in the interests of justice, set aside its Order precluding Kirkham's

testimony so that it may rule with the benefit of Plaintiff's opposition is wholly unpersuasive for

a number of reasons.

Plaintiff's failure to file a timely opposition to Defendant's motion did not result from

one isolated and understandable oversight by Plaintiff's counsel.  Rather, a chain of several

instances of neglect led Plaintiff to the filing of this motion for a "do-over" of Defendant's *Daubert* motion on Kirkham.   Though the Court has previously recited those facts, in particular detail in its  September 8, 2010 Opinion & Order denying Plaintiff's motion for reconsideration of the  August 24, 2010 Order Plaintiff now seeks to vacate, the facts bear repeating.

Defendant filed its motion to exclude the Kirkham testimony on June 7, 2010, on notice to all parties.  The motion clearly states that it would be returnable on July 6, 2010.  The District of New Jersey's Local Civil Rules, with which Plaintiff's counsel is or certainly should be familiar, establish a briefing schedule for all motions, which governs unless the Court provides otherwise.  *See* L.Civ.R. 7.1(b)(1) and (d)(2).  The relevant provision states:

> The brief and papers in opposition to a motion, specifying the motion day on the cover page, with proof or acknowledgment of service thereof on all other parties, must be filed with the Clerk at least 14 days prior to the original motion day, unless the Court otherwise orders . . .

L.Civ.R. 7.1(d)(2).  Accordingly, Plaintiff's opposition to Defendant's *Daubert* motion was due on or before June 21, 2010.  Plaintiff neither filed opposition nor applied to the Court for an extension of time.

Nevertheless, the Court granted a *sua sponte* extension, adjourning the motion to a future return date in the interests of justice and to allow Plaintiff every reasonable opportunity to submit his argument on the motion.  On July 8, 2010, the Court entered a letter on the docket which ordered as follows:

> No opposition by Plaintiff has been filed with regard to the motion by Defendant the City of Jersey City to preclude the testimony of Plaintiff's expert George Kirkham [motion filed at docket entry 99].  The motion was filed on June 7, 2010, and thus pursuant to Local Civil Rule 7.1(c)(1), was noticed for a return date of July 6, 2010.  In it discretion, the Court will adjourn the return date to **August 2, 2010** to allow Plaintiff a

further opportunity to respond to the motion.  The opposition, if any, must be filed no later than **July 19, 2010**.  If you choose not to submit opposition by that date, the motion will be deemed unopposed and will be disposed of accordingly.

Defendant is being notified of this extension of the briefing schedule by copy of this letter and will have until **July 26, 2010** to submit a reply.

The parties are advised that the motions to preclude the testimony of George Kirkham will be decided on the papers.  Should the Court decide to schedule oral argument, the parties will be notified electronically.

[docket entry 108] (emphasis in original).  As the Order states, the Court underscored its intention to decide the motion on or after the adjourned return date, regardless of whether it had been opposed or not.

Even so, Plaintiff still did not avail itself of the additional opportunity to file opposition, nor contact the Court to seek further time or explain that its understanding of the schedule in place varied from the Court's July 8, 2010 Order.  The first instance in which Plaintiff contacted the Court with regard to the motion occurred on August 26, 2010, almost immediately after the motion to exclude was decided in Defendant's favor.  It was then that Plaintiff's counsel explained for the first time his impression that language in a draft Final Pretrial Order, discussed by the parties at a conference before the magistrate judge on May 26, 2010, rendered the motion premature and deferred it until some time after entry of the Final Pretrial Order.  That language read as follows: "all remaining pretrial motions including Daubert and in limine motions shall be filed no later than thirty days after the date of this order, and any response shall be submitted no later than 10 days of the date of such motion(s) are filed." [docket entry 113]  Plaintiff's purported understanding of the motion and briefing schedule amounts to a complete

misinterpretation of the provision, which, if given effect, would do nothing more than set an outer time limit for filing Daubert and in limine motions. Moreover, it is hardly credible that an attorney would justifiably rely on such draft language in disregard of both a properly filed and noticed motion and an unambiguous order of this Court to the contrary.[1]

The first substantive response Plaintiff offered in support of his position that Kirkham's proffered expert testimony is admissible under Federal Rule of Evidence 702 was submitted as part of the instant motion. That response, to put it mildly, is underwhelming. Even if the Court were to consider Plaintiff's substantive arguments in opposition to the *Daubert* motion, the result would be the same. Plaintiff fails to demonstrate that his proffered expert on proper police training procedures, particularly training with regard to positional asphyxia and sudden in-custody death syndrome, meets the requirements of Rule 702.

The standard for admission of expert opinion testimony was fully set forth in the August 24, 2010 Opinion, in which the Court gave its reasons for ruling Kirkham's proffered testimony inadmissible. The Court incorporates by reference the Opinion's recitation of the legal standard for admissibility of expert testimony under Rule 702 and the caselaw established by *Daubert* and its progeny.

Plaintiff maintains that, contrary to the reasoning expressed by the Court in its August 24, 2010 Opinion, Kirkham's testimony is in fact based on reliable principles and methods because he applied his extensive knowledge on the subject of positional asphyxia and sudden in-custody death syndrome to the facts of this case and because he is a nationally recognized expert, whose testimony on the subject has been accepted in numerous other cases. This argument, at best, goes

---

[1] The Final Pretrial Order was not entered, in fact, until October 6, 2010.

6

to Kirkham's qualifications as an expert.  It still sheds no light on what methodology Kirkham

employed *in this case* to reach the conclusions set forth in his September 19, 2007 report and

January 20, 2009 supplemental report.  The expert opinion given by Kirkham, as proffered in

those two reports, remains deficient under Rule 702 for the reasons expressed in the Court's

August 24, 2010 Opinion.  The Court incorporates by reference its analysis of the inadmissibility

of that evidence.

In apparent recognition that Kirkham had failed to explain how he concluded that Jersey

City's failure to train its officers in positional asphyxia violated law enforcement standards and

resulted in Morales's death, Plaintiff proffers a third report by Kirkham, dated October 4, 2010.

The October 4, 2010 report states that his conclusions are based on (1) his review and

knowledge, as a criminologist, of law enforcement practices nationally, (2) medical and scientific

literature on the subject and (3) bulletins issued by United States Department of Justice and the

Federal Bureau of Investigations, years before the Morales incident, which brought the need for

training to the attention of local law enforcement agencies.  Defendant, in response, argues that

Plaintiff's attempt to bolster Kirkham's testimony with the October 4, 2010 report should not be

countenanced because the report is time-barred.

Defendant is correct.  It is well-established that the Court has discretion to exclude

evidence for failure of a party to adhere to the schedule it sets.  *In re Paoli R.R. Yard PCB Litig.*,

35 F.3d 717, 791 (3d Cir. 1994).  The Court exercises its discretion in view of the factors set

forth by the Third Circuit in *Meyers v. Pennypack Woods Home Ownership Association*, 559

F.2d 894 (3d Cir.1977).  In deciding whether to exclude evidence for its untimely disclosure in a

case, the Court should consider:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

*Paoli R.R. Yard*, 35 F.3d at 791 (quoting *Pennypack* factors).

The October 4, 2010 report is extraordinarily late, to the prejudice of Defendant. This case has been pending for over five years. Discovery closed long ago. Summary judgment motions were filed by all parties and adjudicated in July 2009. The Final Pretrial Order was entered on October 6, 2010. The trial of this matter had originally been scheduled to begin on November 9, 2010, but has since been adjourned to January 11, 2011.

Plaintiff did not seek leave of Court to serve an untimely second supplemental expert report, but rather expects the Court to condone such "trial by ambush" tactics. The October 4, 2010 report amounts to a last-minute and unfair attempt by Plaintiff to revive an expert opinion that the Court had already found deficient. It leaves Defendant will little to no time to explore the contents of the report through deposition discovery and thus no opportunity to raise a meaningful challenge to the proffered testimony, unless the Court adjourns the trial. Any possibility of assuaging prejudice to the Defendant would require interference with the Court's calendar and would further delay the resolution of this already protracted litigation. Finally, while the Court discerns no bad faith on the part of Plaintiff or its counsel in delaying disclosure of the information contained in the October 4, 2010, which purports to explain the proffered expert's methodology, the balance of factors here weigh against consideration of the expert's

third, and untimely, report.[2]  Thus, the Court's evaluation of the admissibility of Kirkham's testimony is limited to the information proffered in the September 19, 2007 and January 20, 2009 reports.  For the same reasons expressed in the August 24, 2010 opinion, the Court concludes that Kirkham's testimony in this matter is inadmissible for failure by Plaintiff to demonstrate that the testimony is grounded in reliable methodology.[3]

For the foregoing reasons, the Court will deny Plaintiff's motion for relief from the August 24, 2010 Order under Federal Rule of Civil Procedure 60(b).  An appropriate form of Order will be filed.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: December 22, 2010

---

[2] Indeed, the Court notes that this latest "methodology" report did not surface until after the Court denied Plaintiff's informal request to vacate the August 24, 2010 Order, which the Court treated as a motion for reconsideration.  *See* Opinion & Order of September 8, 2010 [docket entry 115].  While Plaintiff had identified Kirkham as an expert witness in a timely fashion, the underpinnings of his proffered testimony could in fact be viewed as coming as a surprise to the opposing party.

[3] The Court further notes that Plaintiff's argument that Kirkham has testified in other cases on the subject of law enforcement training in positional asphyxia and sudden in-custody death syndrome is inapposite.  It may well be that the proponent of the testimony in those other cases demonstrated that it was the product of reliable principles and methods, as required by Rule 702.  That demonstration has not been made with regard to the case at bar.  Moreover, the decisions by circuit courts of appeals cited by Plaintiff as affirming the admissibility of Kirkham's testimony based on his expertise in police procedures were noticeably issued before the Supreme Court's decisions in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).